■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE NUNEZ, Appellant.—Judgment, Supreme Court, New York County, rendered May 16, 1977, convicting defendant following a jury trial of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of six years to life, unanimously reversed, as a matter of discretion in the interest of justice, and the case is remanded for a new trial. The evidence adduced by the District Attorney raised a substantial issue as to whether the defendant had acted as an agent of the buyer, the undercover police officer, and therefore was not guilty of the crime of selling a narcotic drug for which he was convicted. (*People v Roche,* 45 NY2d 78.) Unfortunately, this central issue was not submitted to the jury because defense counsel was apparently fearful that it might appear inconsistent with the defendant's own testimony and did not request that it be charged. Ordinarily, this omission would be dispositive of the issue. However, the unusual facts of the case present a compelling argument for the court to exercise its discretionary power to act in the interest of justice. (See CPL 470.15, subd 3, par [c]; subd 6, par [a].) The defendant was 20 years old at the time of the incident and had never been convicted of a crime. He received a mandatory sentence of six years to life for conduct that was at worst peripheral to the crime charged and that may well not in fact have represented the violation of the law for which he was charged and convicted. We note that defendant has already served over 18 months in

connection with this matter. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.